## WINGERT v. PRESIDENT, DIRECTORS, AND COMPANY OF THE HAGERSTOWN BANK, OF HAGERSTOWN, MD.

Circuit Court of Appeals, Fourth Circuit.
July 5, 1928.

No. 2735.

Bankruptcy ⟾212—Pledgee of stock in name of person involved in contested bankruptcy case may proceed in state court to determine right to certificates.

Pledgee of stock standing in the name of person involved in contested bankruptcy proceeding and others *held* entitled to proceed in state court to determine whether it is entitled to issuance of new stock and registration thereof in its own name, though it may not lawfully foreclose lien or sell stock while order of District Court, restraining such sale pending outcome of bankruptcy proceeding, remains unrevoked.

Appeal from the District Court of the United States for the District of Maryland, at Baltimore, in Bankruptcy; William C. Coleman, Judge.

Action by William Wingert against the President, Directors, and Company of the Hagerstown Bank, of Hagerstown, Md. Judgment of dismissal, and plaintiff appeals. Affirmed.

H. F. Wingert and Miller Wingert, both of Hagerstown, Md. (W. Le Roy Ortel, of Baltimore, Md., on the brief), for appellant.

Edward Oswald, Jr., of Hagerstown, Md. (Daniel W. Doub, of Hagerstown, Md., on the brief), for appellee.

Before NORTHCOTT, Circuit Judge, and WATKINS and SOPER, District Judges.

PER CURIAM. William Wingert filed a petition in a contested bankruptcy case, brought against him by certain creditors in the District Court. He asked the court to restrain the Hagerstown Bank from prosecuting in the circuit court for Washington county, Maryland, a bill of complaint against Henry F. Wingert, as president of the Hagerstown Furniture Company, to compel him to issue in the name of the bank a new certificate for 40 shares of the company's stock, in place of certificates of stock of like amount in the aggregate, standing in the name of Henry F. Wingert and others, which the bank holds as collateral security for certain promissory notes payable to the bank. Prior to the filing of the petition, the District Court, upon another petition of William Wingert and others, had passed an order restraining the bank from selling the stock, pending the outcome of the bankruptcy proceeding.

The petitioner claims that the bank's subsequent action in bringing suit in the circuit court violates the spirit, if not the letter, of said order of the District Court, and should therefore be restrained. The District Court dismissed the petition, and we think that its action was correct. It is conceded that the bank lawfully holds the stock as pledgee. It is making no attempt to foreclose its lien or sell the stock, and may not lawfully do so, as long as the order of the District Court remains unrevoked. Under these circumstances, however, we think the bank may with propriety seek the judgment of the circuit court as to whether, under the law of Maryland, it is entitled as pledgee of the stock to registration in its own name.

The judgment of the District Court is affirmed.

Affirmed.